**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-02769-RM-STV

FIVE STAR CHEMICALS & SUPPLY, LLC,

    Plaintiff,

v.

5 STAR ENTERPRISE, INC.,
  d/b/a 5 STAR CHEMICALS

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1631 (ECF No. 35) and Motion to Adopt Magistrate Judge Wang's Conclusions of Law in View of Plaintiff's Objections Thereto (ECF No. 34). Having considered the Motions, the Court File and the pertinent law, the Court now ORDERS as follows.

Pursuant to 28 U.S.C. § 1631, whenever a civil action is filed in a court and that court concludes that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." As this Court noted in its Order on Review of the Magistrate Judge's Recommendation (ECF No. 30), Defendant has failed to respond to this suit at any time. Plaintiff could not demonstrate that this Court had personal jurisdiction because Defendant refused to engage in the litigation process. The Court concludes, therefore, that it is

in the interest of justice to transfer this action to the Northern District of Georgia, Atlanta Division.

Plaintiff has also asked this Court to issue an Order adopting, in part, the Magistrate Judge's legal conclusions. However, although Plaintiff does not seek a final judgment, nevertheless the Court concludes that it should not rule on the merits of Plaintiff's claims after it has been determined that it does not have personal jurisdiction over Defendant. *See Jenkins v. Duffy Crane & Hauling, Inc.*, No. 13-CV-00327-CMA-KLM, 2013 WL 6728892, at *2 (D. Colo. Dec. 20, 2013) (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir.2004), "This Court does not endorse the Minnesota trial court's methodology of ruling on the merits of [Plaintiff's] claims after it had determined it did not have personal jurisdiction over [Defendant]. The Court further recognizes 'the longstanding proposition that judgments rendered by a court lacking jurisdiction are void.'"). In that the Court is transferring the action to the Northern District of Georgia, Atlanta Division, that Court can properly make all determinations relating to the merits.

Based on the foregoing, it is ORDERED

(1) That Plaintiff's Motion to Transfer Pursuant to 28 U.S.C. § 1631 (ECF No. 35) is GRANTED;

(2) That Plaintiff's Motion to Adopt Magistrate Judge Wang's Conclusions of Law in View of Plaintiff's Objections Thereto (ECF No. 34) is DENIED; and

(3) That the Clerk is directed to TRANSFER this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

DATED this 3rd day of October, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge